UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **BETTY BULLER d/b/a BULLER TRUCKING CO., individually and on behalf of others similarly situated,** | ) ) ) ) ) | |
| Plaintiff, | ) | 05-CV-165-DRH |
| vs. | ) ) | |
| **OWNER-OPERATOR INDEPENDENT DRIVER RISK RETENTION GROUP, INC.** | ) ) ) | |
| Defendant. | ) ) | |

DEFENDANT OWNER-OPERATOR INDEPENDENT
DRIVER RISK RETENTION GROUP'S BRIEF
IN OPPOSITION TO MOTION TO REMAND

## I.   INTRODUCTION

Plaintiff's Motion to Remand erroneously argues that the Class Action Fairness Act of 2005 (the "Act") does not apply to this action. Plaintiff's argument that the present action was "commenced" prior to the effective date of the Act, February 18, 2005, does not withstand scrutiny. Under well-settled precedent this action commenced when the state court granted Plaintiff's motion to amend the complaint. The filing of the First Amended Complaint, in which class allegations were raised for the first time, triggered the right of removal.

In this case, the state court granted the motion to amend the complaint on February 18, 2005. The fact the order was entered an hour before the President signed legislation does not make the application of the Act impermissibly retroactive.

Finally, based on the allegations made in Plaintiff's First Amended Complaint, that Plaintiff

suffered at least $ 35,000 in damages and that there are "tens of thousands" of class members, Defendant has clearly satisfied the $ 5,000,000 amount in controversy requirement. The Court should deny Plaintiff's Motion to Remand.

## II.     BACKGROUND

Plaintiff Buller Trucking Co. filed a Complaint in St. Clair County, Illinois against Defendant on January 7, 2004. Buller Trucking subsequently filed an Amended Complaint. The Complaint and the Amended Complaint did not purport to be a class action lawsuits and did not seek relief for anyone other than the Plaintiff, Buller Trucking Company. See Pls.' Motion to Remand, Ex. A.

On February 7, 2005, Plaintiff filed a Motion to Amend the Complaint. The First Amended Complaint was filed as a national class action under Illinois and other states' law, and also substituted a new Plaintiff, Betty Buller, d/b/a/, a/k/a Buller Trucking Co., in place of the original Plaintiff, Buller Trucking Company. The state court granted the motion to amend on February 18, 2005.

According to the First Amended Complaint, Betty Buller purchased truck insurance from Defendant containing a Refrigeration Breakdown Endorsement ("RBE") that provided insurance coverage for loss or damage to refrigerated and or temperature controlled cargo, but only when such loss or damage is caused by mechanical failure.

The First Amended Complaint asserts three counts against Defendant, including breach of contract, vexatious delay, and statutory fraud. Plaintiff's allegations all arise from the purchase of insurance containing an RBE from Defendant.

Betty Buller seeks the certification of two plaintiff classes. The first plaintiff class is defined as "All persons (or their assignors) who, during the period from January 7, 1994, to the date of the final

judgment, purchased a policy of insurance with Defendant that included the RBE." The second plaintiff class is defined as "All persons (or their assignors) who, are 1) members of the 'Plaintiff Class (a)'; 2) suffered damages and submitted a claim for damages under the RBE clause of the policy; and 3) had that claim denied, or reduced due to liability issues." According to the First Amended Complaint, "[t]he Plaintiff Classes includes [sic] tens of thousands of policyholders who purchased insurance and submitted claims, and the claim was denied and/or reduced." First Amended Complaint at ¶ 38-B.

Betty Buller is a resident of Mt. Vernon, Illinois and is citizen of the state of Illinois. See Declaration of James Johnston, attached as Exhibit B to Defendant's Petition for Removal, at ¶ 3. Defendant is a Vermont corporation with its principal place of business in Grain Valley, Missouri. See Johnston Declaration at ¶ 4. Defendant is a citizen of the States of Vermont and Missouri.

Putative class members are citizens of all fifty states. More than two-thirds of the members of the proposed classes are not citizens of the State of Illinois. See Johnston Declaration at ¶¶ 7,8. According to the First Amended Complaint, Betty Buller has suffered at least $ 35,000 in damages. First Amended Complaint at ¶ 26. She seeks the award of damages, not exceeding $ 75,000, per class member. First Amended Complaint, Prayers for Relief.

## II.    ARGUMENT

### A.    The Class Action Fairness Act of 2005 Applies To This Action

*1.    The Granting of Plaintiffs' Motion to File an Amended Complaint Constituted the Commencement of an Action Subject to Removal*

The Class Action Fairness Act modified several sections of Title 28 of the United States Code, including 28 U.S.C. § 1453(b), which provides that "[a] class action may be removed to a district court

of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought . . ."

>  Under 28 U.S.C. § 1446(b),
>
> <u>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant</u>, through service or otherwise, of a copy <u>of an amended pleading</u>, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(Emphasis added). Where the original complaint does not disclose a ground for removal but an amended complaint does so, the thirty day period does not begin to run until the court grants leave for the amended complaint to be filed. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998). In *Sullivan*, the Seventh Circuit held that "[u]ntil the state judge grants the motion to amend, there was no basis for removal. . . When the motion was granted, the case first became removable, and it was promptly removed." *Id. See also Payne v. Churchich*, 161 F.3d 1030, 1037 (7th Cir. 1999) (noting that "the defendants timely filed their notice of removal of the eighth amended complaint within the 30-day period established by 28 U.S.C. § 1446(b)"); *Silva v. Madison*, 69 F.3d 1368, 1371 (7th Cir. 1995) (holding that removal was proper after filing of amended complaint).

In this case, as in *Sullivan*, the Complaint and Amended Complaint filed by Buller Trucking did not disclose any ground for removal. It was not pleaded or styled as a class action. Only when the state court granted Plaintiff's motion to amend the complaint, did the First Amended Complaint disclose any ground for removal.

This fact distinguishes this case from *Pritchett v. Office Depot, Inc.*, 2005 WL 827158 (10th

Cir. April 11, 2005), cited by Plaintiff.  In *Pritchett*, plaintiff filed a class action complaint in state court in Colorado in April 2003.  The state court certified the action as a class action in June 2004.  One month prior to trial, on February 18, 2005, the defendant sought to remove the case to federal court under the Act.  Not surprisingly, the Tenth Circuit held that the case commenced before the effective date of the Act.

In this case, Betty Buller's class action case "commenced," for purposes of removal, when the state court granted its motion to amend the complaint, allowing it to file the First Amended Complaint. As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....").

The same is true under Illinois procedure.  Where an amended complaint does not refer to or adopt the prior complaint, the earlier complaint ceases to be a part of the record and in effect, is abandoned and withdrawn.  *See Abrams v. Watchtower Bible & Tract Society of New York, Inc.,* 306 Ill.App.3d 1006, 1014, 240 Ill.Dec. 111, 715 N.E.2d 798 (1999); *Pfaff v. Chrysler Corp.,* 155 Ill.2d 35, 61, 182 Ill.Dec. 627, 610 N.E.2d 51 (1992);  *Funes v. B & B Equipment, Inc.,* 282 Ill.App.3d 272, 274-75, 217 Ill.Dec. 869, 668 N.E.2d 54 (1996).   Once an amended pleading has been filed, allegations of error in dismissing a prior pleading are waived.  *Foxcroft Townhome Owners*

*Ass'n v. Hoffman Rosner Corp.,* 96 Ill.2d 150, 153, 70 Ill.Dec. 251, 449 N.E.2d 125 (1983).

In this case, the First Amended Complaint did not refer to or adopt the prior complaint. Indeed, the plaintiff in the First Amended Complaint was a different entity than in the original complaint. In addition, the First Amended Complaint raised, for the first time, any class action allegations. Thus, the civil action commenced on February 18, 2005, the date the state court granted Plaintiff's motion to amend the complaint.

### 2. *Application Of The Act To This Action Does Not Result In Any Impermissible Retroactive Effects*

Finally, there is no merit to Plaintiff's argument that the Act does not apply because the state court entered the order granting the filing of the First Amended Complaint before the President signed the Act. According to the statute, the "Act shall apply to any civil action commenced on or after the date of enactment of this Act." Here, the civil action was commenced on the date of the enactment of the Act, February 18, 2005. The hour the action was commenced is immaterial.

Plaintiff misinterprets *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) by arguing that there would be impermissible retroactive effects if the Act applied to this case. First, to the extent the Act has any retroactive application, (limited to civil actions commenced on February 18, 2005 before 11:37 Eastern Time), Congress has expressly indicated its desire that the Act be applicable to all civil actions commenced on that date, irregardless of the hour commenced. This comports with *Landgraf*'s recognition that a statute may be given retroactive effect when "such construction is required by explicit language or by necessary implication." *Id.* at 274, n.27.

**B.     The Class Action Sought By Plaintiff Satisfies Both The Amount In Controversy And Diversity Of Citizenship Requirements Of The Act.**

28 U.S.C. § 1332(c)(2) provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." The statute also states that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

In this case, Plaintiff's First Amended Complaint seeks the certification of two plaintiff classes. The first class is defined as "All persons (or their assignors) who, during the period from January 7, 1994 to the date of the final judgment, purchased a policy of insurance with Defendant that included the RBE." The second class is defined as "All persons (or their assignors) who, are 1) members of the 'Plaintiff Class (a)'; 2) suffered damages and submitted a claim for damages under the RBE clause of the policy; and 3) had that claim denied, or reduced due to liability issues."

According to the First Amended Complaint, "[t]he Plaintiff Classes includes [sic] tens of thousands of policyholders who purchased insurance and submitted claims, and the claim was denied and/or reduced." First Amended Complaint at ¶ 38-B. Plaintiff also alleges that she has suffered at least $ 35,000 in damages. First Amended Complaint at ¶ 26.

It is well-settled that in a removal action based on diversity jurisdiction, the amount in controversy claimed by the plaintiff in the complaint is deemed to have been made in good faith and presumed to be determinative of the jurisdictional amount. *See Shaw v. Dow Brands, Inc.,* 994 F.2d

364, 366 (7th Cir.1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938));  *Matter of Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992).  Thus, where the plaintiff alleges that it seeks relief valued at specific sum, the defendant can satisfy its burden by merely pointing to this allegation in the complaint, so long as the allegation presents a colorable claim.  *See Ross v. Inter-Ocean Ins. Co.,* 693 F.2d 659, 663 (7th Cir.1982), *overruled on other grounds by Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955 (7th Cir.1998);  14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725 (3d ed.1998).

In this case, Plaintiff claims that she has suffered at least $ 35,000 in damages, and that her claims are typical of a class of "tens of thousands of policyholders who purchased insurance and submitted claims, and the claim was denied and/or reduced."  If one thousand class members have claims of $ 35,000 each, the aggregate claim is $ 35,000,000.  If, as Plaintiff claims, there are ten thousand class members, then the aggregate claim would be $ 350,000,000.  In any case, based on allegations contained in the First Amended Complaint, the aggregate claims of the individual class members exceeds the sum or value of $ 5,000,000, exclusive of costs or interest.

Finally, Plaintiff argues that Defendant has not "met its burden" to show that more than two-thirds of putative class members are not citizens of the State of Illinois.  That is not the case.  Mr. Johnston, in his declaration submitted with Defendant's Petition for Removal, stated that more than two-thirds of all OOIDA members who have purchased insurance policies with RBE endorsements do <u>not</u> reside in Illinois.  Declaration at ¶ 8.

Thus, Defendant has met its burden and has demonstrated that this case was properly removed pursuant to the Class Action Fairness Act of 2005.

**III.    CONCLUSION**

For the reasons stated above, Defendant requests that the Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

  s/ DAVID A. COHEN
PAUL D. CULLEN, SR (Pro Hac Vice)
DAVID A. COHEN (Pro Hac Vice)
RANDALL HERRICK-STARE (Pro Hac Vice)
The Cullen Law Firm, PLLC
1101 30th Street, N.W.
Suite 300
Washington, D.C. 20007
(202) 944-8600

And

MICHAEL A. LAWDER, #06189990
Anderson & Gilbert
Suite 704
515 Olive Street
St. Louis, MO  63101
(314) 721-2777

Attorneys for Defendant,
Owner Operator Independent Driver Risk Retention Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **BETTY BULLER d/b/a BULLER TRUCKING CO., individually and on behalf of others similarly situated,** | ) ) ) ) ) | |
| Plaintiff, | ) | 05-CV-165-DRH |
| vs. | ) ) | |
| **OWNER-OPERATOR INDEPENDENT DRIVER RISK RETENTION GROUP, INC.** | ) ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 29, 2005, I electronically filed a Brief in Opposition to Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

        Chris Kolker, Esq.
        Michael Lawder, Esq.

        Respectfully submitted,

         s/ DAVID A. COHEN
        PAUL D. CULLEN, SR (Pro Hac Vice)
        DAVID A. COHEN (Pro Hac Vice)
        RANDALL HERRICK-STARE (Pro Hac Vice)
        The Cullen Law Firm, PLLC
        1101 30th Street, N.W.
        Suite 300
        Washington, D.C. 20007
        (202) 944-8600
        Fax (202) 944-8611
        E-mail: dac@cullenlaw.com